RECEIVED

SEP 15 2006

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

# UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF LOUISIANA

### SHREVEPORT DIVISION

| | |
|---|---|
| WILLIE JENKINS, JR. | CIVIL ACTION NO. 06-1468-P |
| VERSUS | JUDGE STAGG |
| WARDEN DEAN DOVE | MAGISTRATE JUDGE HORNSBY |

### REPORT AND RECOMMENDATION[1]

In accordance with the standing order of this Court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

### STATEMENT OF CLAIM

Before the court is a petition for writ of habeas corpus filed by pro se petitioner Willie Jenkins, Jr. ("Petitioner"), pursuant to 28 U.S.C. §2254. This petition was received and filed in this Court on August 25, 2006. Petitioner is incarcerated in the Natchitoches Parish Detention Center in Natchitoches, Louisiana. He challenges his state court conviction. He names Warden Dean Dove as respondent.

On March 7, 2005, Petitioner was convicted of one count of possession with intent to distribute a Schedule II, controlled dangerous substance, in Louisiana's First Judicial District Court, Parish of Caddo. Subsequently, he was sentenced to five years imprisonment at hard labor. Petitioner did not seek a direct appeal of his conviction and sentence.

In support of this petition, Petitioner alleges (1) he received ineffective assistance of counsel, (2) his guilty plea was invalid, (3) his arrest was unlawful, (4) the evidence was

---

[1]This decision is not intended for commercial print or electronic publication.

illegally seized and (5) a <u>Brady</u> violation.

For the reasons stated below, Petitioner's application for <u>habeas</u> relief should be dismissed for failure to exhaust state court remedies.

## LAW AND ANALYSIS

<u>Habeas corpus</u> relief is available to a person who is in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. However, the right to pursue <u>habeas</u> relief in federal court is not unqualified. It is well settled that a petitioner seeking federal <u>habeas corpus</u> relief cannot collaterally attack his state court conviction in federal court until he has exhausted all available state remedies. See Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198 (1982); <u>Minor v. Lucas,</u> 697 F.2d 697 (5th Cir. 1983).

This requirement is not a jurisdictional bar but a procedural one erected in the interest of comity providing state courts first opportunity to pass upon and correct alleged constitutional violations. See <u>Picard v. Connor,</u> 404 U.S. 270, 275, 92 S.Ct. 509, (1971); <u>Rose,</u> 455 U.S. at 509, 102 S. Ct. at 1198. Moreover, in the event that the record or the <u>habeas corpus</u> petition, on its face, reveals that the petitioner has not complied with the exhaustion requirement, a United States district court is expressly authorized to dismiss the claim. See <u>Resendez v. McKaskle,</u> 722 F.2d 227, 231 (5th Cir. 1984).

Petitioner admits in his petition that he has not exhausted his available state court remedies. He claims he filed an application for post conviction relief in the trial court in January 2006. He claims this application was denied by the trial court on June 22, 2006. He does not allege he sought review of this denial in the Louisiana Second Circuit Court of

Appeal. Thus, Petitioner has failed to exhaust all available state court remedies prior to filing his petition in this Court.

Accordingly;

**IT IS RECOMMENDED** that Petitioner's application for writ of habeas corpus be **DISMISSED WITHOUT PREJUDICE.**

### OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the factual findings and legal conclusions that were accepted by the district court and not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, this _18th_ day of _September_ 2006.

**MARK L. HORNSBY**
**UNITED STATES MAGISTRATE JUDGE**